# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3116

_____

| | | |
|---|---|---|
| Wesley D. Hemphill, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Andrew J. Hale, Officer, | * | |
| | * | [PUBLISHED] |
| Appellant, | * | |
| | * | |
| Jeffrey N. Seerey, Detective; | * | |
| Tim Lowrey, Captain; David | * | |
| Rohlfing, Detective; Mark | * | |
| Pounders, Detective, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: April 2, 2012
Filed: May 10, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Defendant Andrew Hale appeals the district court's[1] denial of qualified immunity on an excessive-force claim in Wesley Hemphill's 42 U.S.C. § 1983 action. For the reasons that follow, we affirm.

Hemphill filed a complaint naming five defendants, including Officer Hale, and alleging that on August 19, 2009, while he was at a gas station, officers surrounded his car and pointed a gun at him. They ordered him to exit his car and put him, handcuffed, in a patrol car. Officers drove him to his apartment, which they entered and searched without his permission. After planting marijuana and a gun, they took Hemphill into the apartment. Officers seized property that belonged to him and demanded that he sign a consent form for the search. When Hemphill refused to sign, Officer Hale choked him and hit him in the side rib area with his fists. Hemphill was driven to the police station and held in jail for 24 hours. He was then released, some of his property was returned, and he was not charged with any crime in connection with the incident. Hemphill asserted various claims, including a Fourth Amendment claim of excessive force by Hale.

Shortly before trial, Hale moved for summary judgment on the excessive-force claim. The court later denied the motion, finding that Hale was not entitled to qualified immunity. Hale challenges this ruling, arguing that Hemphill's injuries from the incident were de minimis and that it was not clearly established at the time of the incident that an officer could be liable under the Fourth Amendment when the plaintiff suffered only de minimis injury, relying on Chambers v. Pennycook, 641 F.3d 898 (8th Cir. 2011).

In this interlocutory appeal, our review is limited to determining whether the conduct that the district court found was sufficient to withstand a motion for summary

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

judgment violated Hemphill's clearly established rights. See Shannon v. Koehler, 616 F.3d 855, 861 (8th Cir. 2010). We review de novo the court's determination that Hale is not entitled to qualified immunity, and we must decide whether the facts, construed in the light most favorable to Hemphill, established a constitutional violation, and, if so, whether the right was clearly established such that a reasonable person in Hale's position would have known that his actions were unlawful. See Krout v. Goemmer, 583 F.3d 557, 564 (8th Cir. 2009).

In Chambers, we held that evidence of de minimis injury does not necessarily foreclose a Fourth Amendment excessive-force claim, that the force alleged was not reasonable under the circumstances, but that defendants were entitled to qualified immunity because the state of the law in August 2005 was such that a reasonable officer could have believed that as long as he did not cause more than de minimis injury to an arrestee, he would not violate the Fourth Amendment. See Chambers, 641 F.3d at 904, 906-08.

Chambers, however, did not address the situation alleged here: that the force was used in an attempt to coerce consent to a search. While in Chambers we stated that "[p]olice officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure," see id. at 907, we agree with the district court that officers do not have the right to use any degree of physical force or threatened force to coerce an individual to consent to a warrantless search of his home. See United States v. Drayton, 536 U.S. 194, 201 (2002) (law enforcement officers may request consent to search "provided they do not induce cooperation by coercive means"); United States v. Thomas, 93 F.3d 479, 486 (8th Cir. 1996) (consent to search may not be result of "'duress or coercion, express or implied'" (internal citation omitted)); cf. Wilkins v. May, 872 F.2d 190, 194 (7th Cir. 1989) (showing of physical injury required to state Fourth Amendment excessive-force claim for force used in course of arrest is not required in situations not involving arrest, such as during interrogation). Because no use of force to obtain Hemphill's consent to search would

have been reasonable, the force Hale was alleged to have used–grabbing Hemphill by the neck, choking him, and hitting him two or three times while he was handcuffed–was objectively unreasonable given the facts and circumstances in the case. See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (officer's use of force violates Fourth Amendment when it is objectively unreasonable given facts and circumstances of particular case, judged from perspective of reasonable officer at scene). The law regarding forced consent was clearly established in August 2009 such that a reasonable person in Hale's position would have known that his actions were unreasonable. See Drayton, 536 U.S. at 201; Thomas, 93 F.3d at 486.

The order denying qualified immunity is affirmed.

_____